**David S. PERRYMAN, Plaintiff–Appellant,**

v.

**SAN FRANCISCO SHERIFF DEPARTMENT; et al., Defendants–Appellees.**

No. 12–16199.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Feb. 11, 2013.*

Filed Feb. 20, 2013.

David S. Perryman, San Luis Obispo, CA, pro se.

Duncan Carling, San Francisco City Attorney's Office, San Francisco, CA, for San Francisco Sheriff Department.

Before: FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

## MEMORANDUM **

California state prisoner David S. Perryman appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to exhaust administrative remedies and for clear error its factual determinations, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), and we affirm.

The district court properly dismissed Perryman's action because Perryman did not properly exhaust administrative remedies. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93–95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules). The district court did not clearly err in finding that Perryman's submission of a grievance to the captain did not exhaust Perryman's

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

administrative remedies. *See Marella v. Terhune*, 568 F.3d 1024, 1027 (9th Cir. 2009) (noting that prisoners must "complete the administrative review process in accordance with the applicable procedural rules") *(quoting Woodford*, 548 U.S. at 88, 126 S.Ct. 2378).

We do not consider matters not distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir.2009) (per curiam).

**AFFIRMED.**